UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

TYQUAWN CAPERS,

(Jury Trial Demanded
of all issues)

                                              Plaintiff,

**COMPLAINT**

                    -against-

CV. No.:_____

P.O. MICHAEL CALLE (SHIELD # 14724),
P.O. CHRISTOPHER AMUSO, P.O. FRANK RYAN
and CITY OF NEW YORK,

                                              Defendants.

-------------------------------------------------------------------------X

The Plaintiff TYQUAWN CAPERS, by his Attorney GARNETT H. SULLIVAN, ESQ., complaining of the Defendants alleges as follows:

## PRELIMINARY STATEMENT

**1.** This is a civil rights action in which the plaintiff seeking relief for the defendants violation and deprivation, under the color of State law of plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States constitutions and under common law, and is being brought pursuant to 42 U.S.C. §1983.

**2.** Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and equitable.  A jury trial is demanded.

## JURISDICTION

**3.** Jurisdiction is based upon and conferred to this Court by 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4).  Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367.

**PARTIES**

   **4.** The plaintiff TYQUAWN CAPERS, at all times hereinafter mentioned, was and still is a citizen of the United States and a resident of the City and State of New York and County of Queens.

   **5.** That the defendant CITY OF NEW YORK is a municipal organization organized and existing by virtue of the laws of the State of New York.

   **6.** Those defendants P.O. MICHAEL CALLE, P.O. CHRISTOPHER AMUSO and P.O. FRANK RYAN are citizens of the United States and the state of New York who were employed by defendant CITY OF NEW YORK as police officers and who were acting within the scope of such employment at all times hereinafter mentioned.

**FACTUAL ALLEGATIONS**

   **7.** That on or about the early morning of January 10, 2020 the plaintiff was present in the second-floor apartment located at 181-07 144th Avenue in the County of Queens, City of New York when the defendants forcefully entered the apartment and arrested the plaintiff.

   **8.** That at the time defendants arrested plaintiff he was not engaged in any criminal conduct and had committed no crime or other unlawful conduct.

   **9.** Defendant P.O. MICHAEL CALLE falsely charged and accused plaintiff with the following crimes: Criminal Possession of a Controlled Substance (1st degree), Class "A" felony offense under New York Penal Law; Criminal Possession of a Controlled Substance (2nd degree) an "A" felony offense; Criminal Possession of a Weapon (2nd degree) , a Class "C" felony offense; Criminal Possession of a Weapon (3rd degree), a class "D" felony offense; Criminal Possession of Marijuana (2nd Degree), a Class "D" felony offense; Criminal Possession of a Firearm as an "E" felony offense and the unclassified misdemeanor of Unlawful Possession of a pistol revolver or ammunition under the New York City Administrative Code (AC 10-131-I-3).

10. That at the time defendants charged and accused plaintiff of committing the aforementioned crimes, defendants knew full well that plaintiff had committed no such crimes and had no reasonable or probable cause to believe plaintiff had possession of or in any way exercised dominion or control over any of the contraband which defendants accused plaintiff of possessing.

11. That subsequent to plaintiff's arrest by defendants, plaintiff learned that the various contraband which defendants alleged that plaintiff possessed were found secreted in various places inside the first-floor apartment of the premises which is a two-family dwelling. At the time of execution of the search warrant, plaintiff was not inside the first-floor residence but was at the second-floor residence.

12. Plaintiff further learned that the entry and search of the premises was pursuant to a search warrant authorizing a search of the premises (a copy of said warrant and the affidavit upon which it was issued are annexed hereto as exhibits and incorporated by reference) and that said search warrant was issued based on the allegations by a confidential informant who alleged that he had observed a person known to him as Jerry Hyman in possession of guns inside the first floor apartment, Jerry Hyman was arrested inside the first floor apartment where the guns, drugs and marijuana were found and was present in said first-floor apartment when the search warrant was executed.

13. The search warrant which authorized the entry and search of the premises was determined to be "null and void at its inception" due to being overly broad and hence unconstitutional by the Supreme Court, County of Queens by a decision and order dated December 1, 2020.

14. The search warrant was deemed unconstitutionally overbroad because it authorized the search of the entire two-family home despite the fact that probable cause had been demonstrated only with respect to the first-floor apartment of this two-family building and there was no probable cause for entry and search of the second floor residence.

15.  That P.O. MICHAEL CALLE prepared an arrest report which falsely alleged that plaintiff "did possess one loaded 9MM Taurus firearm, one loaded HK 9MM firearm stolen out of Atlanta Georgia and a large quantity of assorted caliber ammunition". That when the defendant prepared said arrest report, he knew that plaintiff did not in fact possess such contraband or in any way exercised dominion or control over any such contraband. Defendant forwarded said fabricated police report as well as other fabricated police reports to the Queens County District Attorney's Office for the purpose of furthering the prosecution of plaintiff.

16.  As a result of these false allegations and fabricated reports, plaintiff was prosecuted by the Queens County District Attorney's Office, held in custody and indicted on said false charges.

17.  Plaintiff was detained in custody for approximately 48 hours before he was released by the Court to a supervised release program during the pendency of the matter.

18.  Plaintiff has been subject to prosecution on these false charges since his arraignment and has had to appear for numerous court dates.

19.  That the criminal proceedings against plaintiff were terminated in plaintiff's favor.

20.  Plaintiff has been deprived of liberty because of all of the aforementioned conduct of defendants acting jointly severally and in concert with each other and such deprivation of liberty occurred within the scope of defendants' employment as police officers employed by the defendant CITY OF NEW YORK.

## **FIRST CLAIM**
### **(False Arrest – 42 U.S.C. 1983)**

21.  The plaintiff incorporates by reference each of the preceding paragraphs of this complaint as though set forth at length herein.

22.  That the aforesaid arrest and imprisonment of the plaintiff by defendants in their capacity as police officers employed by defendant CITY OF NEW YORK acting under the color of State

Law, without any authority of the law and without any reasonable cause or belief that the plaintiff had committed the offenses for which he was charged.

23.   That the said defendants, their agents, servants and employees falsely arrested and illegally imprisoned the plaintiff and intentionally subjected plaintiff to confinement which plaintiff was conscious of and said confinement was not otherwise privileged or consented to by plaintiff.

24.   That by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants and employees, plaintiff was wrongfully deprived of his rights, privileges and benefits provided to him under the constitutions of the United States of America and the State of New York, Plaintiff was caused to be subjected to great discomfort, loss of liberty, significant indignities, ridicule, scorn, humiliation, mental distress and was prevented from attending to his usual activities and injured his reputation in the community and was further caused to incur monetary damages.

25.   That the defendants committed the foregoing acts willfully and with malicious disregard for plaintiff's rights and is therefore liable for compensatory as well as punitive damages.

## SECOND CLAIM
### (Fabrication of Evidence/Violation of Due Process)

26.   Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth at length herein.

27.   That the defendants knowingly and wickedly fabricated false evidence and information, including fabricated police reports and forwarded such false information and evidence to the Queens County District Attorney's Office that was likely to influence a jury to find plaintiff guilty of charges which were falsely concocted and which defendants knew to be false.

28.   Defendants conduct violated plaintiff's constitutional due process rights and caused plaintiff to suffer deprivation of his liberty rights.

29. The criminal proceedings brought by defendants against plaintiff were terminated in plaintiff's favor.

## THIRD CLAIM
### (Failure to Intervene)

30. Plaintiff repeats, reiterates and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

31. That each of the individual defendants had a reasonable opportunity to intervene and prevent the unlawful acts done against plaintiff including the obvious violation of plaintiff's Fourth, Fifth and Fourteenth Constitutional Rights.

32. Defendants nevertheless failed to intervene and prevent the violation of plaintiff's constitutional rights and are therefore liable to plaintiff.

## FOURTH CLAIM
### (Municipal Liability)

33. Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

34. That the defendant "CITY OF NEW YORK" is a "person" within the meaning of 42 U.S.C. §1983.

35. That at all times material to this complaint, the defendant CITY OF NEW YORK acting through its police department had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

36. That it is common practice and common knowledge that NYPD Police Officers of the CITY OF NEW YORK routinely arrest individuals and maliciously charge them with the

violations of which plaintiff was charged, in the absence of probable cause to believe the person committed any such violations of law.

37.  That the defendant CITY OF NEW YORK failed to adequately train its police officers on the legal and constitutional standards for seeking and executing search warrants.

38.  That the defendant CITY OF NEW YORK was fully aware of the longstanding practice of the New York City Police Department of arresting occupants present in homes where search warrants are executed despite the fact that they have no probably cause to believe such persons had committed any crimes and that there was no nexus whatsoever between contraband recovered during the execution of search warrant and such occupants who they arrest and that the criminal proceedings brought against such persons are routinely dismissed due to lack of evidence.

39.  That defendant CITY OF NEW YORK is well aware of the foregoing facts and has received innumerable complaints of false arrest charges, but the CITY OF NEW YORK has condoned such conduct and has failed to take sufficiently reasonable actions to investigate and to institute policies to prevent or deter police officers from charging innocent drivers of violations that did not actually occur.

40.  The police officers employed by defendant CITY OF NEW YORK have routinely falsely charged citizens with drugs and weapons possession crimes and numerous police officers have been found liable for making such false charges in violation of 42 U.S.C. §1983; nevertheless, defendant CITY OF NEW YORK, has condoned such unlawful conduct and has failed to take appropriate action to prevent its police officers making such false charges.

41.  Defendants, by their aforementioned acts, negligently failed to use due care in the care in the performance of their duties in that the, among negligent acts:

(a) Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to)

conducting an improper and unlawful detention, seizure, and arrest; and other acts which a peace officer of ordinary prudence would not have done;

(b) Hired and retained incompetent and unfit police officers. officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility toward persons who questioned or asserted their legal rights;

(c) Failed to exercise care in instructing their officers, officials, supervisors, and civilian employees as to their deportment, behavior, and conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges and bringing false charges; and as to the obligation of officers to intervene to protect citizens from deprivation of their of constitutional rights by other police officers;

(d) Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

**42.**   Defendant RYAN has been the subject of at least four lawsuits alleging violation of civil rights and defendant CALLE has been the subject of substantiated disciplinary complaints and lawsuits by citizens alleging that he violated their constitutional rights, yet the defendant CITY OF NEW YORK has ignored and failed to take appropriate actions against the defendants to prevent them for depriving citizens of their constitutional rights.

**43.**   That as a result of all the foregoing, plaintiff has been deprived of constitutionally protected rights, including the loss of liberty and defendants conduct was the proximate cause of such deprivation and plaintiff has been otherwise damaged due to defendants' unlawful conduct.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all defendants:

      A.  Compensatory damages
      B.  Punitive damages
      C.  Costs, interests, and attorney's fees pursuant to U.S.C. §1988
      D.  Such other and further relief as the Court deems proper.

Dated: South Hempstead, New York
      December 27, 2022

/s/ *Garnett H. Sullivan*
**GARNETT H. SULLIVAN, ESQ.**
**Attorney for Plaintiff**
1080 Grand Avenue
South Hempstead, NY 11550
(516) 285-1575
garnettsullivan@yahoo.com

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

Search Warrant #

X

IN THE MATTER OF THE APPLICATION
OF POLICE OFFICER FRANK RYAN
SHIELD NO. 21262
NEW YORK CITY POLICE DEPARTMENT
FOR A SEARCH WARRANT

**SEARCH
WARRANT**

Q00029 20

X

**TO ANY POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT**

Proof by affidavit and/or oral deposition of a person known to this court, having been made this day before me by Police Officer Frank Ryan, Shield# 21262, of the NYPD PSA 9 Housing Bureau that there is reasonable cause to believe that certain property, to wit: (1)Firearms, ammunition, gun casings, spent rounds, including any storage containers or boxes, open or closed that could hold firearms or ammunition, (2) Evidence of ownership, occupancy or residency included but not limited to registration, insurance information, mail, bills, receipts, etc., to wit:

The residence, 181-07 144th Avenue, Jamaica Queens, New York, 11413, is a two-story, two-family home with a brick first floor, and a vinyl second floor, and a basement, situated between 181st Street and 181st Place. The right main entrance, is one (1) brown door that displays the words, "181-07" in bronze letters with a dark background, below a light fixture. The left main entrance is one (1) brown door with a brick garage located to the left of said door. The right entrance opens up to a living room, a kitchen, and bedrooms at the residence. The left entrance opens up to a set of stairs that lead up to a living room, a kitchen and bedrooms at the rear of the residence.  (Hereinafter referred to as the "Subject Location")

and is unlawfully possessed or has been used, or is possessed for the purpose of being used, to commit an offense or constitutes evidence or tends to demonstrate that an offense was committed and this court has found that there is sufficient cause to extend the hours of execution of this warrant beyond 9:00 p.m. and enter the premises to be searched without giving notice of his authority and purpose.

YOU ARE THEREFORE COMMANDED at any time of the day or night to make an immediate search, without giving notice of your authority and purpose, of the above-described premises and photograph and/or videotape the aforementioned premises, to wit

(1)Firearms, ammunition, gun casings, spent rounds, including any storage containers or boxes, open or closed that could hold firearms or ammunition.

(2) Evidence of ownership, occupancy or residency included but not limited to registration, insurance information, mail, bills, receipts, etc.

AND, if you find such property and/or evidence, or any part thereof, to bring it and this warrant before this or another Court without unnecessary delay, and it is further

ORDERED that the affidavit and the oral deposition submitted in support of the issuance of this search warrant remain sealed until further order of this court.

THIS WARRANT MUST BE EXECUTED WITHIN 10 DAYS OF THE DATE OF ISSUANCE.

Judge of the Criminal Court
Date: _1/9/2020_ Time: _6 15 pm_

Dated: January 9, 2020
Queens County, New York
CPC/NTB

#Q00029-20

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS
———————————————————————X

IN THE MATTER OF THE APPLICATION          **AFFIDAVIT IN**
OF POLICE OFFICER FRANK RYAN              **SUPPORT OF**
SHIELD NO. 21262 OF THE                  **A SEARCH**
NEW YORK CITY POLICE DEPARTMENT          **WARRANT**
FOR A SEARCH WARRANT
———————————————————————X

I, Police Officer Frank Ryan, Shield# 21262 assigned to the NYPD PSA 9 Housing Bureau, Criminal Intelligence Section, being duly sworn, deposes and says,

1.   I am a police officer and have been for approximately eight (8) years. I am currently assigned to the NYPD PSA9 Housing Bureau Criminal Intelligence Section. During my tenure with the New York Police Department (NYPD), I have participated in the execution of in excess of one hundred (100) search warrants and participated in excess of forty (40) firearms related arrests. I have worked for the New York Police Department for eight (8) years.

2.   This affidavit is submitted in support of an application for a warrant to search the designated premises, to wit:

**The residence, 181-07 144th Avenue, Jamaica Queens, New York, 11413, is a two-story, two-family home with a brick first floor, and a vinyl second floor, and a basement, situated between 181st Street and 181st Place. The right main entrance, is one (1) brown door that displays the words, "181-07" in bronze letters with a dark background, below a light fixture. The left main entrance is one (1) brown door with a brick garage located to the left of said door. The right entrance opens up to a living room, a kitchen, and bedrooms at the residence. The left entrance opens up to a set of stairs that lead up to a living room, a kitchen and bedrooms at the rear of the residence. (Hereinafter referred to as the "Subject Location")**

where there is reasonable cause to believe that the following property may be found:

**(1)Firearms, ammunition, gun casings, spent rounds, including any storage containers or boxes, open or closed that could hold firearms or ammunition.**

**(2) Evidence of ownership, occupancy or residency included but not limited to registration, insurance information, mail, bills, receipts, etc.**

Moreover, as set forth below, there is reasonable cause to believe that this property is unlawfully possessed or has been used or is possessed for the purpose of being used, to commit an offense, or constitutes evidence or tends to demonstrate that an offense was committed in violation of Penal Law 265.03(1)(b) Criminal Possession of a Weapon in the Second Degree.

a)  My basis for believing that the property may be found at the above-stated premises is as follows:

I am informed by Confidential Informant, ███████, (hereinafter referred to as the "informant"), that on ████████ at approximately ., ████████ Subject Location ████████ with Jerry Hyman, (hereinafter referred to as "Target") ████████████████████████████

I am informed by the informant that the Target then ████████ they began talking.  I am informed by the informant that the Target then ████████ ██ firearms, ████████

I am further informed by the informant that one of objects, which appeared to be a gun was ████ and the other was ████████  I am informed by the informant that the Target

I am informed by the informant that ████████████████ where the Target was ████████ at the Subject Location.

I am informed by the ~~information~~ *informt .* that ████████ the Subject Location, to meet the Target,

I am further informed by the informant that the informant is familiar with the appearance of firearms in ████ has seen firearms in person and has held firearms in the past.

████████████████████████████████████
████████████████████████████

I further state that I have reviewed the records of the New York City Police Department's Domain Awareness System, and further state that said records are made in the regular course of business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter and that's said records indicate that **Target** resides at the Subject Location.

I further state that I ran a check of the Subject Location in the Automated License Pistol search engine ("ALPs") and that said records indicated that there are no registered firearms at the Subject Location.

I further state that in my experience as a police officer, owners of firearms typically secrete them in their home or places within their dominion and control.

b)  Affiant requests authorization for entry of the above-stated premises, without giving prior notice of authority and purpose upon the ground that there is reasonable cause to believe that (i)

the property sought may be easily and quickly destroyed or disposed of, or (ii) the giving of such notice may endanger the life or safety of the executing officer or another person, or (iii) the person sought is likely to commit another felony, or may endanger the life or safety of the executing officer or another person. The basis for this belief is as follows: destruction of evidence and safety of police officers.

c)  Finally, Affiant requests authorization for entry at any time of the day or night upon the ground that there is reasonable cause to believe that (i) it cannot be executed between the hours of 6:00 A.M. and 9:00 P.M., or (ii) the property sought will be removed or destroyed if not seized forthwith, or (iii) the person sought is likely to flee or commit another crime, or may endanger the safety of the executing police officers or another person if not seized forthwith or between the hours of 9:00 P.M. and 6:00 A.M. The basis for this belief is as follows: destruction of evidence and safety of police officers.

WHEREFORE, deponent respectfully requests that the Court issue a search warrant in the form attached authorizing a search, photographing and/or videotaping of premises, to wit:

**The residence, 181-07 144th Avenue, Jamaica Queens, New York, 11413, is a two-story, two-family home with a brick first floor, and a vinyl second floor, and a basement, situated between 181st Street and 181st Place. The right main entrance, is one (1) brown door that displays the words, "181-07" in bronze letters with a dark background, below a light fixture. The left main entrance is one (1) brown door with a brick garage located to the left of said door. The right entrance opens up to a living room, a kitchen, and bedrooms at the residence. The left entrance opens up to a set of stairs that lead up to a living room, a kitchen and bedrooms at the rear of the residence. (Hereinafter referred to as the "Subject Location")**

and search of occupants if present therein, for **(1)Firearms, ammunition, gun casings, spent rounds, including any storage containers or boxes, open or closed that could hold firearms or ammunition.**

**(2) Evidence of ownership, occupancy or residency included but not limited to registration, insurance information, mail, bills, receipts, etc.**

In order to protect the identity of witnesses given above, request is also made that the search warrants together with this supporting affidavit, any subsequent returns, as well as any oral deposition given before this Court be ordered sealed, with the exception of copies retained by the Queens District Attorney's Office, until the further order of a court of competent jurisdiction.

No previous application has been made in this matter to any other Court, Judge, Justice or Magistrate.

_____

POLICE OFFICER FRANK RYAN, SHIELD NO. 21262

Sworn to before me this:

9th day of _January 2020_

Judge

Time: 6 15pm