UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYQUAWN CAPERS,

                              Plaintiff,

          -against-

P.O. MICHAEL CALLE (SHIELD # 14724), P.O. CHRISTOPHER AMUSO, P.O. FRANK RYAN and THE CITY OF NEW YORK,

                             Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF THE CITY OF NEW YORK**

22-CV-7980 (AMD)(RER)

Jury Trial Demanded

        Defendant the City of New York, by its attorney, the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York,[1] for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

        3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of Court as stated therein.

---

[1] Upon information and belief, the individuals identified in the caption as "P.O. Michael Calle (Shield # 14724,") "P.O. Christopher Amuso," and "P.O. Frank Ryan," have not been served with process in this matter.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City of New York is a municipal corporation duly organized under the laws of the State of New York.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that Michael Calle, Christopher Amuso and Frank Ryan are or were employed by the City of New York, and further state that to the extent this paragraph contains conclusions of law, no response is required.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that on January 10, 2020, plaintiff was observed exiting the second floor of 181-07 144th Avenue in Queens, New York.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "11" of the complaint regarding what plaintiff learned, except admits that on January 10, 2020, plaintiff was observed exiting the second floor of 181-07 144th Avenue in Queens, New York.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "12" of the complaint, except admits that on January 10, 2020, a search warrant was executed as to 181-07 144th Avenue in Queens, New York and Jerry

Hyman was arrested inside the first floor apartment where guns, drugs and marijuana were found.

       13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that, upon information and belief, the Supreme Court determined that the warrant "was void at its inception." Defendant refers the Court to the cited decision for a full and accurate recitation of its contents.

       14. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the complaint, except admits that, upon information and belief, the Supreme Court determined that the search warrant was overbroad. Defendant refers the Court to the cited decision for a full and accurate recitation of its contents.

       15. Denies the allegations set forth in paragraph "15" of the complaint.

       16. Denies the allegations set forth in paragraph "16" of the complaint.

       17. Denies the allegations set forth in paragraph "17" of the complaint.

       18. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "18" of the complaint.

       19. Denies the allegations set forth in paragraph "19" of the complaint, except admits that the criminal case against plaintiff was dismissed on December 3, 2020.

       20. Denies the allegations set forth in paragraph "20" of the complaint.

       21. In response to the allegations set forth in paragraph "21" of the complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1-22" inclusive of this answer, as if fully set forth herein.

       22. Denies the allegations set forth in paragraph "22" of the complaint.

       23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1-25" inclusive of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint, except admits that the criminal case against plaintiff was dismissed on December 3, 2020.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1-29" inclusive of this answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1-32" inclusive of this answer, as if fully set forth herein.

34. Paragraph "34" contains a legal conclusion and requires no response.

35. Denies the allegations set forth in paragraph "35" of the complaint, and respectfully refers the Court to the New York City Administrative Code for a full recitation of the relationship between the City of New York and the New York City Police Department.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint, including subparts.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

44. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

45. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of defendant the City of New York and/or, any named or unnamed or currently unidentified officer of the New York City Police Department.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

47. There was probable cause for plaintiff's arrest and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

48. Punitive damages may not be assessed against defendant City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

49. To the extent that plaintiff is alleging claims under New York State Law, plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

50. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the defendant City has governmental immunity from liability.

- 7 -

**WHEREFORE,** defendant the City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 2, 2023

                                        HON. SYLVIA O. HINDS-RADIX
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendant City*
                                        100 Church Street, Room 3-211
                                        New York, New York 10007
                                        (212) 356-2358

                                    By:             /s
                                            CAROLYN K. DEPOIAN
                                            Senior Counsel
                                            Special Federal Litigation Division

To:     <u>VIA ECF</u>
         Garnett H. Sullivan, Esq.
         *Attorney for plaintiff*